**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

STANLEY THEODORE,

                Petitioner,

    v.

UNITED STATES OF AMERICA,

                Respondent.

Civil Action No. 23-664 (JXN)


**OPINION**


**NEALS**, District Judge

        This matter comes before the Court upon Petitioner Stanley Theodore's ("Petitioner") Petition for a Writ of Coram Nobis ("Petition") pursuant to 28 U.S.C. § 1651. (ECF No. 1.) For the reasons expressed below, the Court denies the Petition.

**I.        BACKGROUND**

        On November 28, 2005, Petitioner pleaded guilty, pursuant to a plea agreement, to an Information charging him with one count of conspiracy to defraud the United States, contrary to 18 U.S.C. § 641, in violation of 18 U.S.C. § 371. (*See United States v. Stanely*, No. 05-836, ECF Nos. 13, 14, 15, 16, 17, 18.) On September 11, 2006, the Honorable Faith S. Hochberg, U.S.D.J. (ret), sentenced Petitioner on the one count Information to a term of seven months imprisonment, followed by two years of supervised release. (*Stanley*, No. 05-836, ECF No. 22.)

        Petitioner is a non-citizen. (Pet. ¶ 1, ECF No. 1.) In September 2012, the Government began formal removal proceedings against Petitioner. (*Id*. ¶ 12.) Petitioner challenged his removal proceedings in immigration court. (*Id.* ¶ 13.)

On February 2, 2023, Petitioner filed the instant Petition, arguing that his conviction should be vacated based on plea counsel's ineffective assistance in failing to inform Petitioner of the immigration consequences of pleading guilty. (*See id.* ¶¶ 14–22.) Respondent ("Government") filed an answer. (Gov't Answer, ECF No. 7.) This matter is ripe for disposition.

## II.    LEGAL STANDARD

The writ of *coram nobis* provides a method for challenging a federal conviction where an individual who is no longer in federal custody—and thus ineligible for relief pursuant to 28 U.S.C. § 2255—continues to suffer collateral consequences as a result of that conviction. *See Ragbir v. United States*, 950 F.3d 54, 60–63 (3d Cir. 2020). The writ is an "extraordinary remedy" that may only be issued in the most limited of circumstances. *United States v. De Castro*, 49 F.4th 836, 842 (3d Cir. 2022). It is only appropriate "(a) to correct errors for which there was no remedy available at the time of trial and (b) where 'sound reasons' exist for failing to seek relief earlier." *Mendoza v. United States*, 690 F.3d 157, 159 (3d Cir. 2012) (cleaned up). This "sound reason" standard is even stricter than that used to evaluate § 2255 petitions, and the Supreme Court has opined that "it is difficult to conceive of a situation in a federal criminal case today where a writ of *coram nobis* would be necessary or appropriate." *Id.* (quoting *Carlisle v. United States*, 517 U.S. 416, 429 (1996)).

In the Third Circuit, there are five prerequisites for obtaining *coram nobis* relief: "the petitioner (1) is no longer in custody; (2) suffers continuing consequences from the purportedly invalid conviction; (3) provides sound reasons for failing to seek relief earlier; (4) had no available remedy at the time of trial; and (5) asserted error(s) of a fundamental kind." *Ragbir*, 950 F.3d at 62. A "petition [for a writ of error *coram nobis*] must be denied if even one element is not satisfied." *DeCastro*, 49 F.4th at 842.

2

### III.   **DISCUSSION**

Petitioner challenges his 2006 guilty plea, arguing that plea counsel was ineffective in failing to inform Petitioner of the immigration consequences of pleading guilty. (Pet. ¶¶ 14–22.) The Government argues that Petitioner is not entitled to *coram nobis* relief, as he has failed to present sound reasons for waiting over ten years to present his claim to the Court. (Gov't Answer at 7–8.)

The Court agrees with the Government that Petitioner cannot establish all five prerequisites for obtaining a writ of *coram nobis*, namely Petitioner has not provided "sound reasons for failing to seek relief earlier." *Ragbir*, 950 F.3d at 62. While there is no explicit time limit that applies to coram nobis, a petitioner must demonstrate there were sound reasons for his delay—a standard "even stricter than that used to evaluate § 2255 petitions." *Mendoza*, 690 F.3d at 159. "[T]he more time that elapses between a party's conviction and his petition for coram nobis, the less likely it becomes that sound reasons exist." *Ragbir*, 950 F.3d at 63. Even if Petitioner was not aware of the immigration consequences of his guilty plea that time of his sentencing in 2006, Petitioner acknowledges that the Government began formal immigration removal proceedings against him in September 2012. (Pet. ¶ 12.) As such, Petitioner knew about the immigration consequences of his guilty plea since at least 2012 and waited over ten years to file the instant Petition in 2023.

Petitioner argues only that he could not have filed the "*coram nobis* petition during the time of sentence because the government had not formally begun removal proceedings." (*Id.* ¶ 19.) Petitioner fails to provide any explanation regarding why he waited over ten years after removal proceedings commenced in 2012 to file his Petition. As Petitioner has failed to provide the Court with sound reason for his delay, he is not entitled to *coram nobis* relief. *Ragbir*, 950 F.3d at 64 (affirming denial of *coram nobis* relief due to unjustified six-year delay). Given Petitioner's failure

to satisfy the third prerequisite for *coram nobis* relief, the Court declines to assess the other prerequisites.

## IV.      CONCLUSION

For the reasons stated above, the Court **DENIES** Petitioner's Petition for Writ of *Coram Nobis* (ECF No. 1.) An appropriate order follows.

**Dated: 3/20/2026**

_____
**JULIEN XAVIER NEALS**
**United States District Judge**